RANSOM LANGHAM *v.* MARY BAKER, and MARY BAKER *v.* RANSOM LANGHAM, Executor.

WILLS. *Executor. Devastavit.* Where an executor makes a general request to the creditors of his estate for delay from time to time, or simply gives an assurance that the debt is good, will not save the operation of the statute of two years, and when the requests have been such, and the statute is complete, it is a *devastavit* in the executor or administrator to pay such barred debt, for which he will be held liable.

Cases cited: *Boothe* v. *Allen,* 4 Heis., 258; *Trott* v. *West, Moss & Co.,* 9 Yer., 434; *Puckett* v. *James,* 2 Hum., 566; *Bank* v. *Leath et al.,* 11 Hum., 515; *Chesnutt* v. *McBride,* 1 Heis., 389.

## FROM GILES.

Appeal from the Chancery Court. WILLIAM S. FLEMING, Ch.

JONES & TINNON for plaintiff.

LOGAN & BUFORD for defendant.

DEADERICK, J., delivered the opinion of the court.

Joshua Baker died in 1863, and Langham was appointed by his will the executor thereof, and qualified as such at the June term of the County Court of Giles county.

The will devised his real estate to his wife, Mary Baker, and the residue of his personalty after the payment of his debts.

The will was filed August 28, 1872, by the executor, for the sale of the land to pay or reimburse

himself for payment of testator's debts, after having exhausted the personalty.

The answer denies that anything was due the executor for debts of the estate paid by him, over and above the assets which came, or should have come, to his hands, and denies his right to the relief sought.

The answer is filed also as a cross-bill, and seeks to charge the executor with a *devastavit* for paying debts clearly barred by the statute of two years.

Upon the pleadings and proof, the Chancellor dismissed the cross-bill, and gave relief upon the original bill.

We are of opinion that the Chancellor's decree is erroneous in allowing claims in favor of the executor paid by him more than two years after the 1st of January, 1869.

The statute of two years formed a complete defense to all claims not sued for before that time, unless the executor had requested delay for a definite time, or until the happening of some future event, and he was bound to plead it. 4 Heis., 258; 9 Yer., 434; 2 Hum., 566; 11 Hum., 515; 1 Heis., 389.

Although it was said in the 2 Hum. case, that an executor seeking to exonerate himself from the claims of distributees, will not be held to such strict proof as would be required in a contest between him and a creditor, yet it has not been held that a general request for delay, from time to time, or an assurance that the debt is good, will save the operation of the statute of two years. Such were the requests in this

Langham *v.* Baker.

case, and when the statute is complete, it is a *devastavit* in the executor or administrator to pay such barred debt, for which he will be held liable.

The Chancellor's decree will be reversed, and the cause will be remanded and an account taken of the several debts paid after the 1st of January, 1869, and no credit will be allowed for such debts to the executor. But valid debts paid previous to that time, the executor will be credited with. Such débts paid by him, over and above assets received, if any, would not be barred by the statute of two years, as against his claim for payments beyond assets received, if paid within two years from January 1, 1867—that is, previous to January 1, 1869.

The Chancellor allowed $100 compensation to the executor. This sum may or may not be too large, as the amount of the estate does not very clearly appear. There is nothing in the record which seems to entitle the executor to more than the usual compensation of five per cent. Nor is there anything to justify the charging of the executor with the debt on E. M. Baker, which was lost by reason of his insolvency.

Langham will pay the costs in this court, and the costs below will be hereafter adjudged by the Chancellor.